IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
FEB 0 2 2000
Michael N. Milby, Clerk of Court

| | |
|---|---|
| DARRYL STEVEN TURNER | § |
| | § |
| V. | §  C.A. NO. C-00-16 |
| | § |
| G. MCCLARIN, ET AL. | § |

## INITIAL PARTIAL FILING FEE ORDER

Plaintiff has filed an application for leave to proceed *in forma pauperis* (D.E.#2). The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay the balance of the full filing fee of $150.

The Court has considered the application in light of the PLRA. The Court **ORDERS** that:

1. The Clerk shall file the plaintiff's pleadings without prepayment of the filing fee.

2. An initial partial filing fee of **$0.00** (See 28 U.S.C. § 1915(b)(1)(A) (requiring initial partial filing fee of 20% of either the average monthly deposits to the prisoner's account or 6-month average balance in the prisoner's account, whichever is greater)) shall be paid to the Clerk within 30 days from the date of this order.

3. The plaintiff is responsible for timely payment of the initial partial filing fee. If payment will be made from the plaintiff's inmate trust account, the plaintiff shall sign all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account .

4. Failure to pay the initial partial filing fee or to show that the plaintiff has insufficient assets or means by which to pay the initial partial filing fee within 30 days may result in a dismissal of the plaintiff's complaint without further notice for want of prosecution.

5. Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6. No amendments or supplements to the complaint will be filed without prior court approval. A complete amended complaint will be attached to any motion to amend.

7. All discovery in this case is stayed until the court enters an order to answer.

8. No motions for appointment of counsel shall be filed until the court has completed its screening pursuant to 28 U.S.C. § 1915A, which may include a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

9. The plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

10. The Clerk of Court will send a copy of this Order to TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711.

<u>NOTICE TO THE PLAINTIFF</u>:

A. If you do not wish to pay the filing fee as set forth in this order, you must notify the court in writing, by letter or motion, that you do not wish to prosecute this civil action. Your notice must be mailed within 30 days of the date this order is signed.

B. On receipt of the initial partial filing fee, the court, as required by the PLRA, will order the agency having custody of the plaintiff to make monthly withdrawals from the plaintiff's inmate

account and forward them to the court until the balance of the full filing fee is paid. Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee.

C. State law requires the forfeiture of good conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the Texas Department of Criminal Justice, Institutional Division, which is dismissed as frivolous or malicious. TEX. GOVT. CODE ANN. § 498.0045 (West 1995).

ORDERED this 31 day of January, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE